UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN CARGO TRANSPORT, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. C05-393JLR <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on a motion to compel and award sanctions by Plaintiff American Cargo Transport, Inc. ("ACT") (Dkt. # 34). Having considered the papers filed in support and in opposition, the court DENIES ACT's motion.

## II. BACKGROUND AND DISCUSSION

ACT is a Washington corporation that owns and operates "U.S.-flagged" cargo vessels transporting various goods throughout the world. ACT filed suit for injunctive and declaratory relief against Defendant United States ("the Government"), through its Agency for International Development ("USAID") and the Maritime Administration ("MarAd"), for alleged contravention of federal cargo preference laws in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702-706. Plaintiff now moves to

ORDER – 1

compel the Government to respond to certain discovery requests directed to MarAd and award sanctions pursuant to Fed. R. Civ. P. 37.

As a general matter, a court reviews an agency action challenged under the APA based solely on the administrative record. Friends of the Earth v. Hintz, 800 F.2d 822, 828 (9th Cir. 1986) (citing Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") (internal quotations omitted)). Consequently, in an action for review of an administrative decision, a district court may limit discovery or deny it altogether. Id. at 828. There are, however, exceptions to the rule barring the court's review of extra-record materials. For example, the court may grant a motion to supplement the record where: (a) the agency does not adequately explain its decision and the court cannot review the action without considering extra-record materials, see Public Power Council v. Johnson, 674 F.2d 791, 793-94 (9th Cir. 1982); (b) the agency considered factors in its decision left out of the formal record, see Environmental Defense Fund, Inc. v. Blum, 458 F. Supp. 650, 661 (D.D.C. 1978); (c) the complexity of the case requires additional material or cross-examination, see Bunker Hill Co. v. EPA, 572 F.2d 1286, 1292 (9th Cir. 1977); or (d) the agency acted in bad faith. Public Power Council v. Johnson, 674 F.2d 791, 794 (9th Cir. 1982). The party seeking to supplement the administrative record bears a heavy burden to show that an exception applies. United States v. Amtreco, Inc., 806 F. Supp. 1004, 1006 (M.D. Ga. 1992).

ACT brings the instant motion because counsel for the Government, Assistant United States Attorney Robert Brouillard, failed to comply with early disclosure obligations, failed to object to discovery requests, and reneged (on more than one occasion) on his agreement with opposing counsel to produce witnesses for depositions

ORDER – 2

and respond to document requests and interrogatories within certain time frames. Notably, in its initial disclosures provided some nine months ago, the Government identified the very MarAd witnesses that ACT seeks to depose. The Government now argues for the first time that it need not comply with ACT's requests because they are "improper" given that they relate to claims arising under the APA.[1]

Typically, this court would consider whether to restrict discovery in an APA action on a timely motion (e.g., a motion for a protective order or motion to quash) filed by the relevant government agency. Regrettably, the Government has not requested such relief and as a consequence, has stalled the proceedings for several months. Mr. Brouillard admits to a lack of familiarity in dealing with APA claims, which he contends, explains why he (mistakenly) worked with opposing counsel to reschedule various depositions and otherwise engaged in conduct which would seem consistent with an intention to cooperate.

The court is troubled by Government counsel's failure to object or respond to discovery in a timely fashion and his disregard for the provisions of the federal rules regarding initial disclosures;[2] his eleventh hour attempt to shift that burden to ACT is unavailing. That said, the court declines to issue an order compelling discovery, the fruits of which it will likely have to ignore in ruling on the merits. Moreover, ACT's motion

---

[1] The court is mindful that ACT raises two additional causes of actions in its amended complaint: a claim for unjust enrichment and a Privacy Act claim, 5 U.S.C. § 552(a) (Dkt. # 28). Although a court may allow discovery as to non-APA claims, Radiology Associates v. Shalala, Case No. 94-CV-390H, 1995 WL 853042 (W.D.N.Y. Nov. 15, 1995), the court construes the instant motion as relating to ACT's claim arising under the APA.

[2] "[A]n action for review on an administrative record" is exempt from the initial disclosure requirement under Fed. R. Civ. P. 26(a)(1). Fed. R. Civ. P. 26(a)(1)(E)(I).

ORDER – 3

comes before the court without regard to the sufficiency of the administrative record.[3] Accordingly, the court DENIES ACT's motion to compel. The court will consider any future motions related to discovery or supplementation of the record (if any) consistent with the rationale outlined above, in the context of the administrative record on file with the court, and only after the parties have engaged in a meaningful meet and confer as to each particular discovery dispute.

### III. CONCLUSION

For the reasons stated above, the court DENIES ACT's motion (Dkt. # 34).

Dated this 21st day of March, 2006.

JAMES L. ROBART
United States District Judge

---

[3] The Government filed the administrative record in this matter on March 1, 2006, after the parties submitted briefing on the instant motion (Dkt. # 44).

ORDER – 4